**392**

■

**John Robert ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 183–90, 184–90.**

Court of Criminal Appeals of Texas,
En Banc.

June 17, 1992.

Bruce Anton, Dallas, for appellant.

John Vance, Dist. Atty., and Donald G. Davis, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant pled nolo contendere to two indictments charging him with unlawful possession with intent to deliver a controlled substance analogue. V.A.C.S. Art. 4476–15, Sec. 3.10 (repealed, now Health & Safety Code § 481.123). Upon stipulated evidence, appellant was found guilty in a trial before the court and was assessed a five year sentence in each case, as well as fines of $1500 and $1250. On direct appeal, appellant raised three points of error and the court of appeals affirmed the trial court's judgment. *Robinson v. State*, 783 S.W.2d 648 (Tex.App.—Dallas 1989). We granted appellant's petition on two grounds for review, to-wit: (1) whether the court of appeals erred in ruling that the phrase "substantially similar" is not unconstitutionally vague, as contained in Art. 4476–15, Sec. 3.10; and (2) whether the court of appeals erred in failing to take judicial no-

tice of *Grinspoon v. Drug Enforcement Administration*, 828 F.2d 881 (1st Cir. 1987), and the Merck Index. We will affirm the judgment of the court of appeals.

We have reviewed that part of the court of appeals' opinion dealing with the merits of the constitutionality of the statute and the judicial notice issue.[1] We find the reasoning of the court of appeals is sound. We therefore adopt that part of the opinion as our own, without further comment. *January v. State*, 732 S.W.2d 632 (Tex. Crim.App.1987).

Appellant's grounds for review are overruled, and the judgment of the court of appeals is affirmed.

CLINTON, BAIRD and BENAVIDES, JJ., concur in the result.

MALONEY, J., not participating.

---

1. *Robinson*, 783 S.W.2d at 650, column 1, second full paragraph, to p. 653, column 2, end of